# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 12-196-FHS-KEW |
| **RANDALL WORKMAN, Warden,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Rickey White, an inmate incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. A review of the petition, however, shows he actually is challenging his life sentence in Choctaw County District Court Case No. CRF-81-83. He is complaining that the Oklahoma Parole Board violated the prohibition against ex post facto laws, and he wants to be resentenced under the Truth in Sentencing Matrix. In addition, he is claiming his life sentence is incorrect and is asking this court to reduce it to 38 years and 3 months. The court construes his request for relief as yet another challenge to his life sentence and finds this petition should be considered as arising under 28 U.S.C. § 2254.

The record shows that petitioner previously has challenged this conviction and sentence, and his earlier habeas corpus action was dismissed as barred by the statute of limitations. *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003), *aff'd*, No. 03-7054 (10th Cir. Oct. 22, 2003). He has continued to file post-conviction applications in state court, but in 2008 the Oklahoma Court of Criminal Appeals barred him from seeking further relief from his Judgment and Sentence in CRF-81-83. *White v. State*, No. PC-2008-731 (Okla. Crim. App. Oct. 24, 2008). On April 30, 2009, the Tenth Circuit Court of Appeals denied petitioner's second motion for authorization to file a second or successive petition, finding he had "failed to make a prima facie showing of new facts." *In re White*, No. 09-7045, slip op. at 2 (10th Cir. Apr. 30, 2009). The court, therefore, finds this action

is a second or successive petition.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). Because petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 petition, this action is dismissed for lack of jurisdiction.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. All pending motions are DENIED as moot.

IT IS SO ORDERED this 13th day of June, 2012.

Frank H. Seay
United States District Judge